**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| DAVID MEYER, | ) | |
|                Plaintiff, | ) | |
|      v. | ) | |
| | ) | |
| NANCY A. BERRYHILL, ACTING | ) | No. 2:17-04080-CV-RK |
| COMMISSIONER OF SSA; | ) | |
| | ) | |
|                Defendant. | ) | |

## ORDER

Before the Court is Plaintiff's appeal seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("Commissioner") denying disability benefits. The decision of the Commissioner is **AFFIRMED**.

### Standard of Review

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [Commissioner's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account evidence that both supports and detracts from the Administrative Law Judge's ("ALJ") findings. *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (quotation marks omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (quoting *Davis*, 239 F.3d at 966). The Court does not re-weigh the evidence presented to the ALJ. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court should "defer

heavily to the findings and conclusions of the [Commissioner]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ found Plaintiff has the following severe impairments: cervical degenerative disc disease; lumbar degenerative disc disease with a history of a compression fracture and osteoporosis; hepatitis C with cirrhosis of the liver; history of alcohol dependence; major depressive disorder; generalized anxiety disorder; and dependent personality disorder. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equals the criteria of one of the listed impairments in 20 CFR Pt. 404. Subpt. P, App. 1. Additionally, the ALJ found that despite his limitations, Plaintiff retained the residual functional capacity ("RFC") to perform less than a full range of light work with a number of limitations.[1] Although the ALJ found Plaintiff to be unable to perform any past relevant work, the ALJ found Plaintiff to not be disabled, and that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform.

On appeal Plaintiff argues that remand is required because the RFC is not supported by substantial evidence in that it does not account for credible limitations caused by Plaintiff's severe cervical impairment. The Court finds the ALJ appropriately found the Plaintiff's descriptions of his symptoms and limitations were generally inconsistent with other evidence of record and the ALJ's RFC is supported by substantial evidence. Specifically, in discounting the alleged severity of Plaintiff's limitations and as a basis for the RFC, the ALJ cited: medical treatment records, detailing, among other things, normal strength of the upper and lower extremities and normal range of motion; the medical opinion of Dr. Clarke; the fact that Plaintiff has not received more intense medical treatment; Plaintiff's cessation of work three years before his alleged onset date; and daily activities that include, among other things, preparing daily meals, doing household chares, gardening and mowing his lawn, shopping, scrapping metal for money, and cutting firewood for his own use and to sell. The stated bases are appropriate

---

[1] The ALJ included the following physical limitations in Plaintiff's RFC: he can stand and walk 6 hours a day for 2 hours at a time; he can sit 6 hours a day for 2 hours at a time; he can lift and carry 20 pounds occasionally and 10 pounds frequently; he can occasionally bend, stoop, crouch, squat, kneel, and crawl; he cannot climb ladders or work at unprotected heights or around hazardous unprotected moving equipment; and he must avoid extreme temperature, humidity, dust, fumes, and poor ventilation.

considerations for the ALJ.  *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984) (listing appropriate factors to consider regarding Plaintiff's subjective allegations of limitations); SSR 96-7p;[2] *Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005) ("Courts have found it relevant to credibility when a claimant leaves work for reasons other than her medical condition.").

### Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision.

IT IS THEREFORE, ORDERED that the decision of the Commissioner is **AFFIRMED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  April 2, 2018

---

[2] SSR 96-7p was superseded by SSR 16-3p on March 16, 2016 (*see* 81 F.R. 14166-72); however, the ALJ's opinion was entered prior to that change.  Both Rulings direct that evaluation of a claimant's subjective symptoms shall consider all evidence in the record and also incorporate the regulations, 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3), that identify factors to be considered in the evaluation *i.e.*, the familiar factors identified in *Polaski*.